IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| HEATHER P. HOGROBROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03-2981 Ma/P |
| | ) | |
| ADELE A. ANDERSON, MARLENE ESKIND MOSES, RICKY E. WILKINS, JIMMIE CARPENTER MILLER, ROBERT E. COOPER, JR., W. SCOTT MCGINNESS, and THE TENNESSEE BOARD OF LAW EXAMINERS, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER DENYING MOTION FOR RECONSIDERATION

On February 7, 2005, this court entered an order dismissing Plaintiff's action against the Defendants. Before the court is Plaintiff's "Motion for Reconsideration of Order Granting Defendants' Motion to Dismiss as It Ignores Legally Significant Facts and the Authority Relied Upon Does Not Support Dismissal of the Plaintiff's Complaint," filed February 14, 2005. The Defendants responded on March 1, 2005. For the following reasons, the motion is DENIED.

Although the Federal Rules of Civil Procedure do not expressly provide for a motion for reconsideration, the court will consider the motion as one to alter or amend the prior judgment. "When a party files a motion to reconsider a final order or judgment within ten days of entry, [the court] will generally consider the motion to be brought pursuant to Rule 59(e)." Inge v. Rock Financial

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 6-15-05

Corp., 281 F.3d 613, 617 (6th Cir. 2002); see also Smith v. Hudson, 600 F.2d 60, 62 (6th Cir. 1979)(holding that "a motion which asks a court to vacate and reconsider, or even to reverse its prior holding, may properly be treated under Rule 59(e) as a motion to alter or amend a judgment," even when the motion predates the formal entry of judgment).

Rule 59(e) affords a plaintiff relief from a judgment under limited circumstances:

> First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice …. Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.
>
> The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments, or present evidence that could have been raised prior to the entry of judgment. Also, amendment of the judgment will be denied if it would serve no useful purpose.

11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995) (footnotes omitted); see GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999) (noting that Rule 59(e) motions may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice). The court should use its "informed discretion" in deciding whether to grant or deny a Rule 59(e) motion. See Huff v. Metro. Life Ins. Co., 675 F.2d 119, 122 (6th Cir. 1982).

The court dismissed Plaintiff's action based on the Rooker-

Feldman doctrine, finding that the complaint essentially requested an appeal of the state court's decision denying Plaintiff's application for a law license.[1] Plaintiff brings to the court's attention no evidence or law that would require revisiting its earlier decision.[2] As cited in Plaintiff's reconsideration motion, the applicable distinction for Rooker-Feldman purposes is whether an action constitutes "a general challenge to the constitutionality of the state law applied in the state action" or "a challenge to the law's application in a particular state case." Executive Arts Studio, Inc. v. City of Grand Rapids, 391 F.3d 783, 793 (6th Cir. 2004)(internal quotations omitted). The court cannot identify from the complaint any allegation that could be construed as a general challenge to the constitutionality of state law applied in Plaintiff's bar admission proceeding. In fact, Plaintiff now expressly states that "[t]he court's attributing to the plaintiff a claim that it was the Board's 'practice' to require a certificate of good standing is erroneous and quite contrary to the Plaintiff's

---

[1] The Tennessee Supreme Court Rules state that "[t]he Board of Law Examiners for the State of Tennessee is created as part of the judicial branch of government by the Supreme Court of Tennessee pursuant to its inherent authority to regulate courts .... Admission to practice law is controlled by the Supreme Court, which acts on the basis of the certificate of the State Board of Law Examiners." Tenn. S. Ct. R. 7. The Rules provide the opportunity to appeal a board decision to the Tennessee Supreme Court. Id., Art. XIV. Thus, the Board's determination constitutes a judicial proceeding. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Stanfield v. Horn, 704 F. Supp. 1487 (M.D. Tenn. 1989).

[2] The court noted that, if Plaintiff's admission application were still pending, abstention under Younger v. Harris, 401 U.S. 37 (1971) would be the appropriate course of action. For purposes of this motion, the court accepts Plaintiff's contention that there is no ongoing state proceeding.

3

claims on that issue." (Mot. for Recon. at 2.) Thus, the court concludes that Plaintiff challenges only the application of the law in her particular case.

Since the order to dismiss was entered, the United States Supreme Court has expressly held that the Rooker-Feldman doctrine applies where "the losing party in state court file[s] suit in federal court after the state proceedings [have] ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." Exxon Mobil Corp. v. Saudi Basic Industries Corp., - U.S. -, 125 S. Ct. 1517, 1526 (March 30, 2005). Because Plaintiff's action fits squarely within that description, dismissal was proper.

For the foregoing reasons, Plaintiff's motion is DENIED.

So ORDERED this 14th day of June 2005.

SAMUEL H. MAYS, JR
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 56 in case 2:03-CV-02981 was distributed by fax, mail, or direct printing on June 15, 2005 to the parties listed.

---

Heather P. Hogrobrooks
579 Byron Drive
Memphis, TN 38109

Jonathan N. Wike
ATTORNEY GENERAL'S OFFICE (TaxDiv)
P.O. Box 20207
Nashville, TN 37202--020

Jonathan N. Wike
ATTORNEY GENERAL'S OFFICE (TaxDiv)
P.O. Box 20207
Nashville, TN 37202--020

Honorable Samuel Mays
US DISTRICT COURT